†JOHN CHRISTOFF v. MATILDA CHRISTOFF.

HUSBAND NOT LIABLE FOR SUPPORT OF CHILD GRANTED TO CUSTODY OF WIFE.

Where a wife deserted her husband, and on this ground he obtained a divorce from her, but the court by its decree gave the custody of their child to the mother, at her request, and against the wish of the father, who was able and willing to support such child, and desired to do so, and sought to have the custody thereof, the mother can not thereafter recover from the father the value of her services rendered to, or the amount paid by her for the necessary expenses of such child, where there has been no express agreement by him to compensate her therefor.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The admitted facts in this case are these: The parties to this suit were married in February, 1875, and lived together as husband and wife but a few months, when the wife abandoned her husband and home, and went to live with her father. A child, Cecilia, was born to her about February, 1876, which has always remained with the mother. In February, 1878, Mrs. Christoff commenced a suit for divorce against her husband in the court of common pleas of this county, in which she also asked for alimony and the custody of the child of such marriage. In July, 1878, the husband commenced a like action against her in the same court, on the ground that she had been wilfully absent from him for more than three years, and for gross neglect of duty. These two cases were consolidated and tried together; and on November 15, 1878, the court entered a decree therein, finding that the allegations of the petition of the wife were not true, and dismissing the petition, and denying her prayer for alimony. On the petition of the husband, the court found that all of its allegations were true. That he had in all things conducted himself toward her as a good and faithful husband, and that she had wilfully deserted and abandoned him for more than three years without just cause, and granted him a divorce from her, but the custody of the child was awarded to the mother—the husband having also prayed for its custody.

It further appears that said child remained with her mother up to the bringing of this suit, January 10, 1889, and that she had cared for, maintained and educated her, except that they both lived with the father of Mrs. Christoff, who made no charge for the boarding.

This action was brought by Mrs. Christoff against her former husband to recover from him the sum of $1,800, the value, as she claims, of the boarding, clothing, nursing, taking care of and education of such child during the six years immediately preceding the commencement of the suit, and for money paid by her for the necessary expenses of such child.

At the trial the evidence tended to show that such services, etc., were worth from $4 to $5 per week during such term, but there was no evidence tending to prove any agreement between the plaintiff and the defendant that he should pay therefor, or that she ever notified him that she would look to him for payment. On one occasion the father sent $5 to the child as a present, but the mother refused to allow her to receive it, and returned it. During the greater part of the time Christoff was in reduced circumstances, but had a little home and family, and at the divorce trial wanted the custody of the child; but presumably on account of its youth, it was given to the mother.

On the trial of this case a verdict was rendered in favor of Mrs. Christoff for $458.64, and a motion for a new trial having been filed by the defendant, and overruled, and judgment entered on the verdict, a bill of exceptions was allowed, containing all of the evidence, the rulings of the court as to the admission of evidence, the charge given by the court to the jury, and the charges asked by the defendant and refused by the court.

---

†See decision of supreme court in Fulton v. Fulton, 52 O. S. 229.

The question presented—and it is raised in several ways—is whether on this state of fact, the plaintiff below was entitled to recover, and whether the judgment should stand. The trial judge in effect charged the jury that she was, and refused to charge that if the husband was divorced from the wife for her fault, and the custody of the child given to her by the court at her request, the father having also asked for it, and being able and willing to provide for her, and was a proper person to have such care, that the father was not responsible to the mother for such subsequent care and support of the child by herself; also overruled the motion for a new trial based on the ground that the evidence did not support the verdict.

Were those rulings of the court in accordance with the law? If so, the judgment should be affirmed.

In the case of Pretzinger v. Pretzinger, 45 O. S. 452, it was expressly decided that "the obligation of a father to provide reasonably for the support of his minor child * * * is not impaired by a decree which divorces a wife *a vinculo* on account of the husband's misconduct, gives to her the custody, care and nurture of the child, and allows her a sum as alimony, but with no provision for the child's support." And it was further held, that in such case "the mother may recover a reasonable compensation from the father for necessaries furnished by her to the child after such decree."

It is clear, however, that this case does not decide that this can be done where the divorce is granted for the fault of the wife, and the question remains whether the same rule applies to a case of that kind.

We see nothing in the language of the judge who announced the opinion in that case, which says that it does. The question was not before the court, nor so far as we can determine was it so held in either one of the cases cited by court or counsel, while there are several which seem to hold that the rule is different where the divorce is for the aggression of the wife, and notably is this so in the case of Felton v. Felton, 33 Pa. St. 50.

It was there decided that "a mother who has deserted her husband, retaining her child in her own custody, cannot, after a divorce obtained by the husband on the ground of such desertion, maintain an action against him for the support and maintenance of the child. The father being able and willing to receive and support his child, cannot be made liable for its maintenance to one who wrongfully withheld it from him."

It must be conceded that it is the duty of the father, as a general rule, primarily, to provide reasonably for the maintenance of his minor children if he has the ability to do so. But the rule has its limitations. If he is so providing for a son at his home, who without good cause leaves his father's roof and is supplied by some one with necessaries, the father not consenting thereto, is not liable therefor as on an implied contract. And we are of the opinion that in a case like the one before the court, the law will not imply a promise on the part of the father to compensate the mother for services which she voluntarily rendered against the wish of the father, and while he was ready and willing to maintain his child at home. If she is not content to do this without compensation from the husband, she can allow him to have the custody of the child and rid herself of the burden.

If she should abandon the child, or become unable to support it, and the duty was not assumed by the father, and a person other than the mother were to furnish such necessaries to the child, we have no doubt but that the father would be liable therefor. But it looks to us manifestly unjust, where the father is ready and willing to maintain his child, that the mother who sought its custody and obtained it against his efforts and wishes, should have a claim, except on an express contract, to recover against him therefor.

The judgment will be reversed and a new trial awarded.

Mallon, Coffey & Mallon, for plaintiff in error.

N. E. Jordan, for defendant in error.